Kristin A. Zilberstein, Esq. (SBN: 200041)
L. Bryant Jaquez, Esq. (SBN 252125)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com

Attorney for Secured Creditor
U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 19-50316 |
| CHERYL L BLANK | CHAPTER 13 |
| Debtor (s). | **OBJECTION TO CHAPTER 13 PLAN** |
| | Judge: Stephen J. Johnson |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

U.S. Bank Trust N.A. as Trustee of Bungalow Series F Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Cheryl L Blank.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 12/1/2034 and is secured by a Deed of Trust on the subject property commonly known as 5511 Eagles Lane 1, San Jose, CA 95123. As of 11/30/2018, the approximate amount in default was $69,532.31, as will be described in a Proof of Claim; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $50,000.00 while in fact the actual arrears owed are in the amount of $69,532.31. To cure the pre-petition arrearages of $69,532.31 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $1,158.87 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $899.64 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months.

Pursuant to Schedules I and J, Debtor has net income of $4,360.00. The plan does not commit all of Debtor's disposable income to the plan. In addition, Secured Creditor is listed in multiple classes. Secured Creditor appears in Class 1 with a monthly payment of $833.00 as well as Class 4 with a monthly payment of $1,200.00. Secured Creditor is not appropriately listed in Class 4 because Debtor has a significant default. Further, Debtor does not list the correct monthly payment. The correct monthly payment is $1,134.07. Therefore, the Plan is not confirmable or feasible.

### B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $4,360.00. It appears that Debtor has sufficient net income to increase the plan payment to cure the arrears owed to Secured Creditor. Thus, the Plan cannot be confirmed as currently drafted.

### CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: April 10, 2019         GHIDOTTI | BERGER LLP

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust N.A. as Trustee of Bungalow Series F Trust

Kristin A. Zilberstein, Esq. (SBN: 200041)
L. Bryant Jaquez, Esq. (SBN 252125)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
kzilberstein@ghidottiberger.com

Attorney for Creditor
U.S. Bank Trust N.A., as Trustee of Bungalow Series F Trust, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re: ) | CASE NO.: 19-50316 |
| ) | |
| Cheryl L. Blank, ) | CHAPTER 13 |
| ) | |
| Debtor. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Avenue, Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1

On April 10, 2019 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor** | **Trustee** |
|---|---|
| Cheryl L. Blank | Devin Derham-Burk |
| 5511 Eagles Lane Apt. 1 | P.O. Box 50013 |
| San Jose, CA 95123 | San Jose, CA 95150-0013 |
| | |
| **Debtor's Counsel** | **U.S. Trustee** |
| Brette L. Evans | Office of the U.S. Trustee / SJ |
| Evans Law Offices | U.S. Federal Bldg. |
| 1150 N First St. #110 | 280 S 1st St. #268 |
| San Jose, CA 95112 | San Jose, CA 95113-3004 |

  __xx___ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

  _____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

  __xx__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on April 10, 2019 at Santa Ana, California

/s / Enrique Alarcon
Enrique Alarcon

2